UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| NICOLE D. SYAS, | ) | |
| | ) | |
| Plaintiff, | ) | 03:10-cv-06391-HU |
| | ) | |
| vs. | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

D. James Tree
Tree Law Offices
3711 Englewood Avenue
Yakima, WA 98902

    Attorney for Plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Jeffrey McClain
Special Assistant United States Attorney
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - FINDINGS AND RECOMMENDATIONS

**HUBEL, J.,**

The matter now before the court is plaintiff Nicole Syas' ("Plaintiff") unopposed motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's counsel seeks approval of an EAJA award in the amount of $6,378.32. For the reasons set forth below, Plaintiff's motion (Docket No. 23) for EAJA fees should be **GRANTED** in part and **DENIED** in part.

### *I.   RELEVANT PROCEDURAL BACKGROUND*

Plaintiff filed this action on November 19, 2010, seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. In her opening brief, filed on November 14, 2011, Plaintiff asserted four grounds upon which the Administrative Law Judge's ("ALJ") decision should be reversed: (1) the ALJ improperly rejected Plaintiff's obesity as a groundless complaint at step two of the five-step sequential process; (2) the ALJ improperly rejected medical source opinions from Plaintiff's treating and examining physicians; (3) the ALJ improperly rejected lay witness testimony; and (4) the ALJ's residual functional capacity assessment ("RFC") was incomplete.

On January 27, 2012, the parties, acting through their respective counsel, stipulated that this case be reversed and remanded to the Commissioner for further administrative proceedings before an ALJ, a de novo hearing, and new decision regarding Plaintiff's application for SSI payments. On remand, the ALJ was

2 - FINDINGS AND RECOMMENDATIONS

directed to issue a decision that compared Plaintiff's RFC with the physical and mental demands of her past relevant work as a certified nurse's aide and, if necessary, obtain vocational expert testimony as to whether Plaintiff could perform her past relevant work. Based on the stipulation of the parties, on February 6, 2012, Judge Brown entered an Order and Judgment of Remand pursuant to sentence four of 42 U.S.C. § 405(g).

## *II. DISCUSSION*

EAJA requires an award of attorneys' fees to a prevailing plaintiff in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). In this case, it is apparent Plaintiff was the prevailing party and the Commissioner's position was not substantially justified. *See Olive v. Comm'r Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (recognizing that a social security claimant who obtains a remand order pursuant to sentence four of § 405(g) is a "prevailing party" for purposes of EAJA); *Ward v. Astrue*, 2012 WL 1820579, at *1 (M.D. Fla. May 18, 2012) (noting that the Commissioner in effect concedes his position was not "substantially justified" by stipulating to remand and not opposing a request for EAJA fees). Nevertheless, even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

3 - FINDINGS AND RECOMMENDATIONS

reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), which results in a "lodestar." *Webb v. Ada County, Idaho*, 195 F.3d 524, 527 (9th Cir. 1999) (citation omitted). The district court enjoys "considerable discretion" in determining what attorneys' fee is reasonable and "may downwardly adjust either the components of the lodestar or the lodestar itself to reflect the results obtained." *Id.*

The time records submitted with Plaintiff's motion indicate that attorney James Tree expended 35.35 hours on this case (1 hours in 2010; 31.65 hours in 2011; and 2.7 hours in 2012). Notably, James Tree claims to have spent: 6.6 hours reading the 579-page transcript and taking notes;[1] 6.4 hours drafting the statement of facts; another 5 hours finalizing the statement of facts and outlining the four alleged errors; 6.8 hours beginning to draft the argument; and 5.4 hours finishing the argument and proofreading and editing the opening brief. In other words, 25.2 hours went into drafting Plaintiff counsel's 21-page opening brief, including more than 11.4 hours drafting the statement of facts, which was only 6.5-pages long, and an outline of alleged errors.

This court recognizes a range of 20-40 hours to be "a reasonable amount of time to spend on a social security disability

---

[1] In social security cases, about 500-600 pages is considered an average length transcript. *See Neil v. Comm'r Soc. Sec.*, No. 3:10-cv-429-MA, 2011 WL 4406311, at *4 (D. Or. Sept. 21, 2011) (alluding to the fact that a 587-page transcript was "of average length"); *see also Dunnigan v. Astrue*, No. 07-1645-AC, 2009 WL 6067058 (D. Or. Dec. 23, 2009) (referring to the 597-page transcript as "a length in the average range"); *see also Breedlove v. Comm'r Soc. Sec.*, No. 07-cv-1743-AC, 2011 WL 2531261, at *8 (D. Or. Mar. 16, 2011) (noting that the 428-page administrative transcript was "on the lighter side of the average range of length").

4 - FINDINGS AND RECOMMENDATIONS

case that does not present particular difficulty." *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215-16 (D. Or. 2007). James Tree's claimed hours are on the high end of the spectrum, despite the fact that the parties stipulated to a remand for additional proceedings and he only had to file an opening brief. This is simply an unreasonable amount of time to spend on a social security case consisting primarily of a twenty-one page brief that presented no complex or unique issues. Moreover, drafting a 6.5-page statement of facts should take nowhere near the time claimed by counsel. It is also noteworthy that, unlike other motions for EAJA fees submitted by Tree, the itemization in this case does not indicate he conducted any legal research, which further supports the Court's evaluation that the hours claimed are excessive.[2]

    In the Court's view, Plaintiff's fee request should be reduced as follows: 2.6 hours disallowed from drafting the statement of facts; 3.0 hours disallowed from finalizing the statement of facts; and 1.75 hours disallowed from drafting the argument (total reduction of 7.35 hours).

    In considering the applicable hourly rate, the statute itself sets a $125 per hour ceiling "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the national Consumer Price Index for All Urban Consumers (the "CPI-U"), not seasonally adjusted, and applying the "all items" index. *Jones v. Espy*, 10 F.3d 690, 692-93

---

[2] *But cf.* Petition For EAJA Attorney's Fees at 2, *Sturgeon v. Astrue*, No. 07-6346-HO (D. Or. Nov. 4, 2008).

5 - FINDINGS AND RECOMMENDATIONS

1  (9th Cir. 1993). The cost-of-living increase is "calculated by
2  multiplying the $125 statutory maximum hourly rate by the . . .
3  CPI-U for the years in which the attorney's work was performed and
4  dividing by the CPI-U figure for March 1996 (155.7), the effective
5  date of the statutory maximum hourly rate." *Nadarajah v. Holder*,
6  569 F.3d 906, 918 (9th Cir.2009) (citing *Thangaraja v. Gonzales*,
7  428 F.3d 870, 876-77 (9th Cir.2005)).

8  The EAJA-adjusted hourly rate for 2010 is $175.06;[3] for 2011
9  is 180.59;[4] and for 2012 is 184.50.[5] Multiplying counsel's
10 requested hours for the respective years results in attorney fees
11 of $175.06 for 2010 (1 hour x $175.06); $5,715.67 for 2011 (31.65
12 hours x $180.59); and $498.15 for 2012 (2.7 hours x $184.50); for
13 a total of $6,388.88 for all three years. This amount is slightly
14 more than the $6,378.32 in Tree's unopposed motion for EAJA fees.

15 Because all of the reductions I recommend relate to expenses
16 incurred in 2011, Plaintiff's EAJA fee request should be reduced by
17 $1,327.34 (7.35 hours x 2011 EAJA-adjusted hourly rate for 2011 of
18 $180.59), which would result in an EAJA fee award of $5,061.54
19 ($6,388.88 - $1,327.34).

### III.  CONCLUSION

21 Based on the foregoing reasons, Plaintiff's unopposed motion
22 (Docket No. 23) for EAJA fees should be **GRANTED** in part and **DENIED**
23 in part. Plaintiff's counsel should be awarded $5,061.54 in EAJA
24 fees.

---

[3] $125 x (2010 annual index of 218.056/155.7)= $175.06.

[4] $125 x (2011 annual index of 224.943/155.7)= $180.59.

[5] $125 x (2012 annual index of 229.815/155.7)= $184.50.

6 - FINDINGS AND RECOMMENDATIONS

### *IV.  SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **July 3, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **July 20, 2012.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this _15th___ day of June, 2012.

s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
Unites States Magistrate Judge

7 - FINDINGS AND RECOMMENDATIONS